# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROGER E. ENGLISH, | ) | Case No. 3:17-cv-4 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TRUCK PRO, LLC and HEAVY DUTY | ) | |
| PARTS, INC., *a corporation*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Presently pending before the Court is the Motion for Summary Judgment (ECF No. 27) filed by Defendants Truck Pro, LLC and Heavy Duty Parts, Inc. (collectively "Truck Pro").[1] This Motion has been fully briefed (ECF Nos. 28-30, 34-43) and is ripe for disposition.

This case arises from Plaintiff Roger E. English's ("Mr. English") allegations that Truck Pro discriminated against him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA") and the Pennsylvania Human Relations Act, 42 Pa. Stat. and Cons. Stat. Ann. § 955(a) *et seq.* ("PHRA") when his employment with Truck Pro was terminated. (*See* ECF No. 1.) In the instant Motion for Summary Judgment, Truck Pro argues that Mr. English has failed to produce direct evidence to support his claims of age discrimination

---

[1] The Court notes that it will follow the convention adopted by the parties in their briefs and refer to the two Defendants in the singular as "Defendant," "it," and "Truck Pro" throughout this Memorandum Opinion. However, this singular nomenclature is not meant to imply that either of the two Defendants are removed from this case.

and failed to satisfy the burden-shifting elements of the so-called *McDonnell Douglas* framework. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

For the reasons that follow, this Court disagrees with Truck Pro, and its Motion for Summary Judgment (ECF No. 27) is **DENIED**.

## II. Jurisdiction and Venue

This Court has subject matter jurisdiction over the federal claims alleged in Count I and Count III of the Complaint pursuant to Section 7 of the ADEA, 29 U.S.C. § 626(c)(1), 28 U.S.C. §§ 1331, 1343(a)(4). (*See* ECF No. 1 ¶ 1.) This Court also has subject matter jurisdiction over the supplemental state law claims brought under the PHRA in Count II and Count IV of the Complaint pursuant to 28 U.S.C. § 1367. (*Id.*)

Because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Western District of Pennsylvania, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). (*See generally* ECF Nos. 1, 29, 34, 42.)

## III. Relevant Procedural History[2]

Mr. English initiated this suit by filing his Complaint on January 10, 2017 (ECF No. 1), to which Defendants responded by filing their Answer on April 13, 2017. (ECF No. 7.) Mr. English's Complaint is organized into four counts: (1) a claim that Truck Pro, LLC violated the ADEA by firing Mr. English, (2) a claim that Truck Pro, LLC violated the PHRA by firing Mr. English, (3) a claim that Heavy Duty Parts, Inc. violated the ADEA by firing Mr. English, and (4) a claim that Heavy Duty Parts, Inc. violated the ADEA by firing Mr. English.

---

[2] The Court includes only the procedural history pertinent to the present Motion for Summary Judgment.

However, as both parties agree (*see* ECF No. 28 at 3; ECF No. 35 at 3), the United States Court of Appeals for the Third Circuit and this Court have previously determined that age discrimination claims under both the ADEA and PHRA are interpreted identically. *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) ("Since this Court has determined that the interpretation of the PHRA is identical to that of federal anti-discrimination laws, including the ADEA, we present a single analysis for Willis's claims under both statutes."); *Milliron v. Pilot Travel Centers, LLC*, Civil Action No. 3:06-262, 2009 WL 2579200, at *6 (W.D. Pa. Aug. 20. 2009) (Gibson, J.) (citing *Kautz v. Met–Pro Corp.*, 412 F.3d 463, 466 n.1 (3d Cir. 2005)). Therefore, despite the organization of Mr. English's Complaint into four counts, this Court will collectively analyze all four claims because all four claims involve the same underlying facts and law and were brought against two co-defendants in substantively identical positions.

Most pertinent here, Truck Pro filed its instant Motion for Summary Judgment, Memorandum in Support thereof, Concise Statement of Material Facts, and Appendix of Exhibits on March 16, 2018. (ECF Nos. 27-30.) On April 16, 2018, Mr. English filed his Response to the Concise Statement of Material Facts of the Defendant and Plaintiff's Responsive Concise Statement, his Memorandum of Law in Opposition, and an Appendix thereto. (ECF Nos. 34-40.) Lastly, Truck Pro filed its Reply Brief, Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts, and a Supplemental Appendix of Exhibits on April 30, 2018. (ECF Nos. 41-43.)

## IV. Relevant Factual History

The following facts are undisputed unless otherwise noted.[3] The Court includes additional material facts in its analysis *infra* Part VI where appropriate.

Truck Pro is a heavy-duty truck and trailer parts distributor and servicer. (ECF No. 29 ¶ 1; ECF No. 34 ¶ 1.) Mr. English began working for Heavy Duty Parts, Inc.—which was eventually acquired by Truck Pro, Inc.—in April 1998 as a counter salesman in the Altoona parts store when he was 49 years old. (ECF No. 29 ¶¶ 2-4; ECF No. 34 ¶¶ 2-4.) Throughout his employment, Mr. English either met or exceeded expectations and received pay raises. (ECF No. 29 ¶ 5; ECF No. 34 ¶ 5.) Truck Pro terminated Mr. English's employment on December 4, 2014, when Mr. English was 65 years old. (ECF No. 34 ¶ 2.)

In October 2013, Truck Pro hired 50-year-old Woodrow Allen ("Mr. Allen") as an additional counter salesman. (ECF No. 29 ¶¶ 6-7; ECF No. 34 ¶¶ 6-7.) After Mr. Allen was hired, the Altoona parts store employed five total employees: one sales manager, one delivery employee, one outside salesman, and two counter salesmen. (ECF No. 29 ¶ 8; ECF No. 34 ¶ 8.) Mr. English and Mr. Allen reported to Store Manager David Harclerode ("Mr. Harclerode"), who, in turn, reported to Regional Manager Bob Langbo ("Mr. Langbo"). (ECF No. 29 ¶¶ 9-10; ECF No. 34 ¶¶ 9-10.)

---

[3] The Court derives these facts from a combination of Truck Pro's Concise Statement of Material Facts (ECF No. 29), Truck Pro's Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment (ECF No. 30), Mr. English's Response to the Concise Statement of Material Facts of the Defendant and Plaintiff's Responsive Concise Statement (ECF No. 34), Mr. English's Appendix of Exhibits in Opposition to the Motion for Summary Judgment (ECF Nos. 36-40), Truck Pro's Reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts (ECF No. 42), and Truck Pro's Supplemental Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment (ECF No. 43).

-4-

In mid-to-late 2014, Truck Pro decided to eliminate one of the two counter salesmen positions; it was the only position with multiple employees at the Altoona parts store. (ECF No. 29 ¶¶ 15-21; ECF No. 34 ¶¶ 15-21.) As discussed further *infra*, the parties dispute the motivation for hiring Mr. Allen, the reasons for eliminating a position, and the reasons for choosing whether to fire Mr. English instead of Mr. Allen.

While the characterization of the evaluation and its merits are contested, Truck Pro evaluated Mr. English and Mr. Allen in late 2014. (ECF No. 29 ¶¶ 22-24; ECF No. 34 ¶¶ 22-24.) On November 4, 2014, Mr. Harclerode prepared the first draft of the assessment for both Mr. English and Mr. Allen and sent them to Mr. Langbo. (ECF No. 29 ¶ 24; ECF No. 34 ¶ 24.) Under Mr. Harclerode's assessment, Mr. English received an unweighted rating of 16/25 and Mr. Allen received an unweighted rating of 20/25. (ECF No. 29 ¶¶ 25-26; ECF No. 34 ¶¶ 25-26.) Upon Mr. Langbo's review of the assessments, Mr. Langbo increased both of Mr. English's competency scores to a 4, increasing Mr. English's final unweighted rating to 17/25 and leaving Mr. Allen's unweighted rating at 20/25. (ECF No. 29 ¶¶ 28-29; ECF No. 34 ¶¶ 28-29.)

Truck Pro contends that Mr. English's position was eliminated because his rating was lower than Mr. Allen's rating. (ECF No. 29 ¶ 32.) However, Mr. English argues that Truck Pro eliminated his position due to his age, which Mr. English suggests is evinced by, *inter alia*, Mr. Harclerode and Mr. Langbo's differing understanding of the evaluations, Mr. Langbo's alteration to the ratings, the earlier ratings of Mr. English, the timing and circumstances of Mr. Allen's hiring (i.e., hiring an approximately fifteen-year-younger employee to fill an already filled position in a four-employee business location and, then, firing the older employee after the new, younger employee had been trained by the older employee), and comments made to Mr. English by Mr.

Harclerode regarding Mr. English's retirement and eligibility for social security retirement benefits. (*See* ECF No. 34.) Mr. Langbo made the final decision as to who would ultimately be terminated. (ECF No. 34 ¶¶ 62-64; ECF No. 42 ¶¶ 62-64.)

## V. Legal Standard

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but

"must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

## VI. Discussion

### A. The Basic Approach to Analyzing Claims Under the ADEA (and the PHRA)

The ADEA aims to prohibit employers from discriminating against employees on the basis of age. *See* 29 U.S.C. § 623(a)(1) (stating that the ADEA prohibits employers "from discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age."); *see* also *Litzinger v. Allegheny Lutheran Social Ministries*, Case No. 3:15-cv-306, 2017 WL 3089022, at *4-*5 (W.D. Pa. July 20, 2017) (Gibson, J.).

A claim under the ADEA can be sustained by presenting either direct or circumstantial evidence of age discrimination. *See Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 976-77 (3d Cir. 1998).

This Court will address each of these alternatives in turn.

## B. Mr. English Has Not Produced Evidence of Direct Discrimination

A plaintiff faces a "high hurdle" in asserting a direct evidence case. *See Connors*, 160 F.3d 971, 976-77 (citing *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 513-14 (3d Cir. 1997)); *Shade v. Alfa Laval Inc.*, No. 1:14-CV-813, 2017 WL 839456, at *7 (M.D. Pa. Mar. 3, 2017); *Mitchell, et al. v. MG Indus., Inc.*, 822 F. Supp. 2d 490, 501 (E.D. Pa. 2011) (citation omitted). Under the standard announced by Justice O'Connor's controlling opinion in *Price Waterhouse v. Hopkins*, "the evidence must be such that it demonstrates that the 'decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision.'" *Walden*, 126 F.3d at 513 (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring)). To succeed, the direct evidence must be "so revealing of discriminatory animus that it is not necessary to rely on any presumption from the *prima facie* case to shift the burden of production." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 778 (3d Cir. 1994); *see Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3d Cir. 1994).

Mr. English has not overcome this "high hurdle" necessary to sustain a direct evidence case. *See Connors*, 160 F.3d 971, 976-77 (citing *Walden*, 126 F.3d at 513-14); *Shade*, 2017 WL 839456, at *7; *Mitchell*, 822 F. Supp. 2d at 501. Mr. English argues that comments made by Mr. English during his deposition and assorted comments made by Truck Pro executives constitute sufficient evidence of direct discrimination to sustain a direct evidence case under the ADEA and the PHRA. (*See* ECF No. 35 at 4-5.) However, Mr. English misstates and overstates these alleged instances of direct evidence.

First, Mr. English directs the Court's attention to a few a lines from Mr. English's own deposition regarding the allegedly age-based motive for the elimination of Mr. English's position. (*See* ECF no. 35 at 4-5.) Yet, upon review of Mr. English's deposition, this Court concludes that

Mr. English was clearly offering nothing more than his subjective, and admittedly speculative, belief as to why his position was eliminated. (*See* ECF No. ECF No. 37, Ex. 30.) In essence, Mr. English's testimony constitutes his mere "hunch" or supposition as to his subjective theory about Truck Pro's basis for eliminating his position without any personal knowledge as to their motivations. (*See id.*) Thus, the Court agrees with Truck Pro's statement that "Plaintiff's mischaracterization of his own testimony, which related only to his subjective belief, is not direct evidence of age discrimination." (ECF No. 41 at 2.)

Second, Mr. English argues that Mr. Harclerode and/or Mr. Langbo discussed whether and, if so, when Mr. English intended to retire and told Mr. English that he would be able to collect social security retirement benefits in March 2015. (*See* ECF No. 35 at 4-5.) While the Court does assume that these statements were made for the purposes of deciding the instant Motion for Summary Judgment, *see supra* Part V, these statements likewise do not constitute direct evidence of age discrimination.

These purported statements may certainly constitute indirect evidence for the purposes of establishing a *prima facie* case or showing pretext, *see infra* Part VI.C, but an employer's mere inquiry into a plaintiff's eligibility for retirement benefits evidence does not constitute direct evidence of age discrimination without more. *See generally Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) (holding that discharging an employee to prevent an employee's pension benefits from vesting did not violate the ADEA without more).

In sum, Mr. English has failed to produce evidence "so revealing of discriminatory animus that it is not necessary to rely on any presumption from the *prima facie* case to shift the burden of

production." *Armbruster*, 32 F.3d at 778. Therefore, Mr. English cannot succeed on his ADEA or PHRA claims on the basis of direct evidence of age discrimination.

### C. Mr. English Has Produced Sufficient Evidence for a Reasonable Jury to Find Truck Pro Liable under the *McDonnell Douglas* Burden-Shifting Framework

#### 1. The *McDonnell Douglas* Burden-Shifting Framework

In the absence of direct evidence of discrimination—like here, *see supra* Part VI.B—a plaintiff may prove discrimination claims under the ADEA through the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) (applying *McDonnell Douglas* to an ADEA claim); *Litzinger*, 2017 WL 3089022, at *4-*5 (same).

Under this framework, the initial burden of establishing a *prima facie* case rests with the plaintiff. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff makes out a *prima facie* case, then the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for its adverse action. *Id.* If the defendant articulates such a reason, the burden shifts back to the plaintiff, who must then show that the employer's proffered reason is pretextual. *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253-55 (1981).

#### 2. Mr. English Has Produced Sufficient Evidence to Make Out a *Prima Facie* Case

Looking at the first step of the *McDonnell Douglas* framework, to establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show that four elements are met: (1) that the plaintiff was forty years of age or older; (2) that the defendant took an adverse employment action against the plaintiff; (3) that the plaintiff was qualified for the position in question; and (4) that the plaintiff was ultimately replaced by another employee who was sufficiently younger to

support an inference of discriminatory animus. *Smith*, 589 F.3d at 689-90 (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

Here, Truck Pro concedes that Mr. English satisfies the first three elements of a *prima facie* ADEA case because (1) Mr. English was 65 years old when he was fired, (2) termination is an adverse employment action, and (3) Mr. English was qualified for the position he held. (*See* ECF No. 28 at 4.) However, Truck Pro argues that Mr. English has failed to produce sufficient evidence to support the fourth and final element of a *prima facie* case: that Mr. English was replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. (*See id.*)

In regard to this fourth element, the Third Circuit has not established a bright-line test for the age difference that will satisfy the "sufficiently younger" fourth element. *See Litzinger*, 2017 WL 3089022, at *4-*5. Yet, the Third Circuit has held that a seven-year age difference is insufficient to support a claim of age discrimination. *Robinson v. City of Philadelphia*, 491 F. App'x 295, 299 n.1 (3d Cir. 2012) (citing *Grosjean v. First Energy Corp.*, 349 F.3d 332, 338 (6th Cir. 2003)); *Narin v. Lower Merion Sch. Dist.*, 206 F.3d 323, 333 n.9 (3d Cir. 2000). Moreover, "[t]he overwhelming body of cases in most circuits [have] held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination *prima facie* case." *Grosjean*, 349 F.3d at 338 (citing cases extensively).

In the present case, the age difference between Mr. English and Mr. Allen is fifteen years and, especially in conjunction with other facts that—when interpreted in favor of the non-moving party—could suggest that Truck Pro made its decision based on the impermissible factor of age, this Court finds the fifteen years separating Mr. English and Mr. Allen to be a significant enough

-11-

age difference to make out the fourth part of the age discrimination *pima facie* case. *See id; Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015); *Pivirotto v. Innovative Sys., Inc.*, 192 F.3d 344, 352 (3d Cir. 1999). The Court also notes that simply because Mr. Allen is old enough to be in the protected age group at the time of his hiring does not, by itself, immunize Truck Pro from potential liability under the ADEA. *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 496 (3d Cir. 1995). The age of the new employee being within the protected age group is merely evidence to be weighed like any other evidence. *Id.* at 496 n.6.

Moreover, for the purposes of deciding the instant Motion for Summary Judgment, the Court finds the evidence produced by Mr. English sufficient for a reasonable jury to conclude that Truck Pro hired Mr. Allen with the intent of requiring Mr. English to train Mr. Allen and, then, upon Mr. Allen acquiring proficiency in the job, that Mr. English would be fired and replaced by the now-trained Mr. Allen.

A jury certainly need not come to this conclusion. However, Mr. English has produced evidence regarding (1) the arguably suspicious timing of Mr. Allen's hiring and Mr. English's termination, (2) the apparent oddity and debatable business wisdom of hiring two counter sales employees when only one such position had previously existed, (3) the comments made by Truck Pro executives regarding Mr. English's retirement plans and eligibility for social security benefits, (4) the arguably imprecise or improper employee evaluations of Mr. Allen and Mr. English, and (5) the age difference between Mr. Allen and Mr. English. (*See* ECF No. 34 ¶¶ 34, 37, 49, 63, 98, 99, 118, 154.) In essence, a reasonable jury could conclude that Truck Pro decided to have Mr. English train his own fifteen-year-younger replacement only to then be fired because of his advanced age, in favor of his younger, now-trained replacement.

Furthermore, the theory of Mr. English's case and the circumstances underlying Mr. English's version of the events is also analogous to other cases in this Circuit. *See Waldron*, 56 F.3d at 496; *Argue v. David Davis Enter., Inc.*, Civil Action No. 02-9521, 2009 WL 750197, at *12-*13 (E.D. Pa. Mar. 20, 2009). Thus, the evidence produced by Mr. English is sufficient for a reasonable jury to conclude that Truck Pro's termination of Mr. English's employment was motivated by age.

### 3. Mr. English Has Produced Sufficient Evidence To Convince a Reasonable Jury That Truck Pro's Proffered Reason For His Termination is Pretextual

Having held that Mr. English has satisfied the first stage of the *McDonnell Douglas* framework, the Court proceeds to the second and third step of this analysis. Namely, if the plaintiff makes out a *prima facie* case in step one, then the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for its adverse action in step two. *McDonnell Douglas*, 411 U.S. at 802.

Truck Pro has offered two nondiscriminatory reasons for the elimination of Mr. English's position and for his termination instead of the less-experienced Mr. Allen: (1) the elimination of the position was motivated solely by financial considerations and (2) the decision to fire Mr. English was based on an objective evaluation and assessment of Mr. English in comparison to Mr. Allen. (*See* ECF No. 28 at 6-7.) This Court finds that the evidence produced by Mr. English and Truck Pro is sufficient to satisfy Truck Pro's burden to posit a legitimate nondiscriminatory reason for the termination of Mr. English's employment for the purposes of the second step of the *McDonnell Douglas* analysis. *See Wildi v. Alle-Kiski Med. Ctr. Part of the W. Penn Allegheny Health Sys.*, 659 F. Supp. 2d 640, 668 (W.D. Pa. 2009) (holding that the defendant presented a legitimate

nondiscriminatory reason for the elimination of the plaintiff's position where the elimination was motivated by the defendant needing to raise revenue); *Ziegler v. Delaware Cty. Daily Times*, 128 F. Supp. 2d 790, 806 (E.D. Pa. 2001) (finding that the defendants met their burden of showing a legitimate nondiscriminatory reason for the plaintiff's termination when the plaintiff's business was declining).

However, satisfaction of the second stage of the *McDonnell Douglas* analysis by a defendant simply shifts the burden back to the plaintiff. *See McDonnell Douglas*, 411 U.S. at 802. If the defendant articulates a legitimate nondiscriminatory reason, the burden shifts back to the plaintiff, who must then show that the employer's proffered reason is pretextual. *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253-55 (1981). This Court holds that, for the purposes of deciding the present Motion for Summary Judgment, Mr. English has produced sufficient evidence for a reasonable jury to find that Truck Pro's proffered reasons for Mr. English termination are pretextual.

At the third stage of the *McDonnel Douglas* framework, to survive a motion for summary judgment, a non-moving plaintiff generally must point to evidence that: "1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir. 1994).

Similar to this Court's review of the facts presented to it by Mr. English *supra* Part VI.C.2, this Court again observes that Mr. English has produced evidence regarding (1) the debatably suspicious timing of the hiring of Mr. Allen and firing of Mr. English, (2) the unusual financial

decision and custom-breaking nature of hiring two counter sales employees when only one such position had previously existed for many years prior, (3) the remarks made to Mr. English by Truck Pro executives regarding Mr. English's retirement plans and eligibility for social security benefits, (4) the arguably flawed and admittedly altered evaluations of quality of Mr. English and Mr. Allen's work, and (5) the fifteen-year age difference between Mr. Allen and Mr. English. (*See* ECF No. 34 ¶¶ 34, 37, 49, 63, 98, 99, 118, 154.) When the evidence in favor of Mr. English is presumed to be true for the purposes of deciding the instant Motion for Summary Judgment, these aforementioned facts are sufficient for a reasonable jury to conclude that Truck Pro's alleged financial hardship and employee evaluation system are pretextual.

In particular, a reasonable jury could conclude that any alleged financial difficulties that necessitated the elimination of a position were knowingly caused by Truck Pro's redundant-hiring of Mr. Allen for the already-filled and never-previously duplicated counter sales position at the Altoona store with the intent of "grooming" Mr. Allen to replace the fifteen-year-older Mr. English. In effect, a reasonable jury could find that Truck Pro intentionally created the need to fire Mr. English by pre-hiring his replacement in hopes that Mr. English would retire and, if Mr. English did not willingly retire, would force Mr. English to "retire" by firing him.

Furthermore, a reasonable jury could disbelieve the validity of the evaluation and assessment methods allegedly used by Truck Pro to allegedly choose whether to fire Mr. English or Mr. Allen. Mr. Harclerode testified that he did not know that the evaluations would be used as the basis for anyone's termination and that he did not know the evaluations would be used to compare Mr. English and Mr. Allen against each other. (ECF No. 34 ¶¶ 23, 32, 72.) In contrast, Mr. Langbo testified that the two counter salesmen were to be compared against each other only,

and Mr. Callahan—another Truck Pro executive—testified that it was discretionary as to how the two employees were or were not compared. (*Id.* ¶¶ 103, 104, 140.) Additionally, Mr. Harclerode offered arguably insufficient explanations as to why his prior evaluations of Mr. English varied from the evaluation immediately prior to his elimination, and a reasonable jury could conclude that his variance was more than simply a "stylistic" change as suggested by Truck Pro.

A reasonable jury could also question the validity of the evaluations and whether Truck Pro truly used these evaluations as the objective basis for their decision because Mr. Langbo admitted did not follow the instructions of the evaluation form, Truck Pro was unable to locate Mr. English's 2014 evaluation, and Truck Pro altered Mr. English's score for his final evaluation after it was initially completed—albeit to increase the evaluation. This evidence could cause a reasonable jury to question the fairness and legitimacy of Mr. English and Mr. Allen's evaluations and conclude that they were pretextual, post hoc evaluations designed to justify the decision to terminate Mr. English because of his advanced age. *See Bray v. Marriott Hotels*, 110 F.3d 986, 993-97 (3d Cir. 1997); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638-39 (3d Cir. 1993); *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3d Cir. 1991).

Therefore, while a jury may believe Truck Pro's reasons for terminating Mr. English were legitimate and nondiscriminatory, such a conclusion is not required by the material undisputed facts presented to this Court. A reasonable jury could, upon consideration of the evidence, deem Truck Pro's explanations for Mr. English's termination to be pretextual and nothing more than a smokescreen to cover the true motivation to fire Mr. English because of his age.[4]

---

[4] The Court also notes that, in Mr. English's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Mr. English argues that Truck Pro's failure to turn over a "note" with unknown content and the 2014 annual evaluation of Mr. English constitutes the spoliation of evidence for which the

## VII. Conclusion

The record is sufficient for a reasonable jury to find in favor of Mr. English on all four counts of the Complaint. Specifically, Mr. English has produced sufficient evidence to navigate the *McDonnell Douglas* framework. Thus, for the foregoing reasons, Mr. English's Motion for Summary Judgment (ECF No. 27) is **DENIED.**

A corresponding order follows.

---

sanction should be "the granting of judgment in favor of Mr. English." (ECF No. 35 at 18-22.) However, the Court notes that Mr. English has not moved for summary judgment himself—he simply opposed Truck Pro's Motion for Summary Judgment. Furthermore, even had Mr. English moved for summary judgment on the basis of spoliation of evidence, the Court observes that, under the law adopted by this Circuit, the appropriate sanction for the spoliation of evidence is the least severe, adequate sanction—which only amounts to the grant of judgment in one party's favor in the most extreme of circumstances. *See Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76 (3d Cir. 1994); *Schroeder v. Commonwealth*, 710 A.2d 23 (Pa. 1998). As this Memorandum Opinion and the accompanying Order makes clear, this Court is denying Truck Pro's Motion for Summary Judgment and, thus, Mr. English may proceed with his claims and is receiving a favorable ruling in the present matter. However, the Court does not now decide any issues regarding the spoliation of evidence. If Mr. English wishes to pursue a sanction for any alleged spoliation of evidence, he should raise that issue at the appropriate time prior to trial through motions practice—not through a section of a brief in opposition to a motion for summary judgment—and the Court will consider whether spoliation occurred and, if so, what sanction is appropriate at that time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROGER E. ENGLISH, | ) | Case No. 3:17-cv-4 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TRUCK PRO, LLC and HEAVY DUTY PARTS, INC., *a corporation*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 11th day of May 2018, upon consideration of the Motion for Summary Judgment (ECF No. 27) filed by Defendants, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 27) is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE